LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY
BY: Edward T. Finch, Esquire
Identification No. 83692
510 Walnut Street, Suite 1000
Philadelphia, PA   19106
(215) 627-0303

---

| | |
|---|---|
| ALEXANDER JOHNSON and ADEL JOHNSON, Husband and Wife | COURT OF COMMON PLEAS BUCKS COUNTY |
| V. | |
| PNEUMO ABEX CORPORATION, as successor in interest to Abex Corporation, ET AL. | NO. 02-90046-18-2 |

---

## PRAECIPE TO FILE NOTICE OF REMOVAL

**TO THE PROTHONOTARY:**

Kindly file the attached Notice of Removal in the above-captioned matter.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

BY: _____
Edward T. Finch, Esquire
Attorney for Defendants,
Ford Motor Company and
General Motors Corporation



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALEXANDER JOHNSON and ADEL JOHNSON,    CASE NO. ⊙ ₂ –C∨ ⁻₂⁹ ⁷ ₃
Husband and Wife

    V.

FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

## NOTICE OF REMOVAL

Defendants Ford Motor Company and General Motors Corporation (the "automobile manufacturers") hereby give notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims which have been asserted against them in the action captioned Alexander Johnson and Adel Johnson, Husband and Wife v. Pneumo Abex Corporation, as successor in interest to Abex Corporation, et al. now pending in the Court of Common Pleas of Bucks County, at No. 02-90046-18-2. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the automobile manufacturers state the following:

1.    The action of which the removed claims are a part was commenced in the Court of Common Pleas of Bucks County.

2.    The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.      On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.      The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334. All claims asserted against the Removing Defendants are related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5.      Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6.      Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

7.      The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues

2

concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.    On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.    On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10.    On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11.    On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

12.    However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

3

13.    The Removing Defendants file this Notice of Removal to adequately protect the interests of Removing Defendants and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14.    The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Bucks County.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY:_____
Edward T. Finch, Esquire
Attorney for Defendants,
Ford Motor Company and
General Motors Corporation

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written notice of the removal of this action will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Court of Common Pleas.

Edward T. Finch, Esquire

**FOR THE**
the case

Addr                              **Defendants (Names and Addresses):**

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or
indemnitor to or of:

Fel-Pro, Inc.,

Ferodo America, Inc.,

Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

Moog Automotive Inc., formerly known as Wagner Electric Corporation,

Pneumo Abex Corp., or

T&N plc.

2655 Northwestern Highway
Southfield, MI 48034

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

ALEXANDER JOHNSON and ADEL JOHNSON,
Husband and Wife

CASE NO.

     V.

FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 8. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( X )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

May 17, 2002
(Date)

                                  Attorney-at-law

                              Edward T. Finch, Esquire
                                    Attorney For

               Ford Motor Company and General Motors Corporation

(Civ. 660)
12/91

JS44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose if initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Alexander Johnson and Adel Johnson, Husband and Wife

## DEFENDANTS
SEE ATTACHED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lawrence R. Cohan, Esquire
Anapol, Schwartz, Weiss, Cohan, Feldman & Smalley
1900 Delancey Place
Philadelphia, PA 19103
(215) 790-4567

ATTORNEYS (IF KNOWN)
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street - Suite 1000
Philadelphia, PA 19106
(215) 627-0303

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

■ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for personal injury for asbestos exposure against Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursuant to 28 U.S.C. § 1452(a).

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 442 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 520 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding    ■ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
In Excess of $50,000.00

Check YES only if demanded in complaint:
**JURY DEMAND** ■ YES    ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE

DOCKET NUMBER    01-CV-5981

DATE

SIGNATURE OF ATTORNEY OF RECORD

May 17, 2002     Edward T. Finch, Esquire

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**Defendants (Names and Addresses):**

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

      Fel-Pro, Inc.,

      Ferodo America, Inc.,

      Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

      Moog Automotive Inc., formerly known as Wagner Electric Corporation,

      Pneumo Abex Corp., or

      T&N plc.

2655 Northwestern Highway
Southfield, MI 48034



ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY
BY:    LAWRENCE R. COHAN, ESQUIRE
       THOMAS R. ANAPOL, ESQUIRE
       MIRIAM B. BARISH, ESQUIRE
       HEATHER J. LIPSON, ESQUIRE
       MARGARET A. BARRY, ESQUIRE
I.D. NOS.:    30546; 62121; 72622; 80914; 44056
1900 Delancey Place
Philadelphia, PA 19103
(215) 790-4567

---

| | |
|---|---|
| ALEXANDER JOHNSON and ADEL JOHNSON, <br> Husband and Wife <br> 128 E. 13th Street <br> Chester, Pennsylvania 19013 | COURT OF COMMON PLEAS <br> BUCKS COUNTY, PA <br><br> ASBESTOS CASE |
| vs. | <u>JURY TRIAL DEMANDED</u> |
| 485    PNEUMO ABEX CORPORATION, as <br> successor in interest to Abex Corporation, et al | NO.  *62-90046-18-2* |

COMPLAINT

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you *must* take action within twenty (20) *days after* this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth *against* you. You are warned that *if* you fail to do so the case may proceed without you and a judgment may be entered against you by the court *without* further notice for any money *claimed in the complaint* or for any other *claim or relief requested* by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propedades u otros derechos importantes para usted. LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE

BUCKS COUNTY ASSOCIATION
135 E. State Street
Doylestown, PA 18901
(215) 348-9413

2002 APR 11  PM 2:51

OF BUCKS, et al.
PROTHONOTARY
RECEIVED

## DEFENDANTS ADDRESSES

Pneumo Abex Corporation
c/o Prentice Hall Corporation
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(DAUPHIN COUNTY)

A.C. & S. Inc.
P.O. Box 1548
120 N. Lime Street
Lancaster, PA 17602
(LANCASTER COUNTY)

A.O. Smith Corporation
11270 West Park Place
Milwaukee, WI 53224

A.W. Chesterton, Inc.
Route 93, Middlesex
Stoneham, MA 02180

Allied Signal, Inc.
P.O. Box 2245 R
Morristown, New Jersey 07960

Brand Insulations, Inc.
c/o Kevin O'Hagan, Esquire
Smith & Amunbsen
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601

Burnham Boiler Corporation
c/o C.T. Corporation Systems
1515 Market Street
Philadelphia, PA 19102
(PHILADELPHIA COUNTY)

Cleaver Brooks Company
c/o C.T. Corporation Systems
1515 Market Street
Philadelphia, PA 19102
(PHILADELPHIA COUNTY)

Combustion Engineering Co., Inc.
c/o Christine L. Astin, Claims Analyst
CVCSC, Inc.
525 Brook Street
Rocky Hill, CT 06067-0950

Crown, Cork & Seal Company
One Crown Way
Philadelphia, PA 19154
(PHILADELPHIA COUNTY)

Dana Corporation
P.O. Box 1000
Toledo, Ohio 43697-1000

Drever Furnaces
Red Lion Road and Philmont Avenue
Huntingdon Valley, PA 19006
(MONTGOMERY COUNTY)

Durabla Manufacturing Company
P.O. Box 700
140 Sheree Boulevard
Exton, PA 19341
(CHESTER COUNTY)

Ford Motor Company
c/o John Rintamaki
1037 The American Road
Dearborn, Michigan 48121

Foster Wheeler Corporation
Perryville Corporate Park
Clinton, New Jersey 08809

Garlock, Inc.
1 Marine Midland Plaza
Suite 1830
Rochester, New York 14604-2415

General Motors Corporation
c/o C.T. Corporation Systems
1515 Market Street
Philadelphia, PA 19102
(PHILADELPHIA, COUNTY)

General Refractories
225 City Line Avenue
Bala Cynwyd, PA 19004
(MONTGOMERY COUNTY)

Georgia-Pacific Corporation
c/o C.T. Corporation Systems
1515 Market Street Philadelphia, PA 19102
(PHILADELPHIA COUNTY)

Honeywell International, Inc.
P.O. Box 4000
Morristown, New Jersey 07962

Hopeman Brothers, Inc.
435 Essex Avenue
Waynesboro, Virginia 22980

IMO Industries, Inc.
997 Lenox Drive, Suite 111
Building Four West
Lawrenceville, New Jersey 08648

Owens-Illinois, Inc.
One Sea Gate
Toledo, Ohio 43666

Palmetto Products
c/o Green Tweed & Company
Detwiler Road
Kulpsville, PA 19443
(MONTGOMERY COUNTY)

Peerless Industries, Inc.
231 North Walnut Street
Boyertown, PA 19512
(BERKS COUNTY)

Pfizer, Inc.
235 East 42nd Street
NewYork,NewYork 10017

Rapid American Corporation
c/o Prentice Hall
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808-1654

Riley Stoker Corporation
Box 2040
Worcester, MA 01606

Uniroyal, Inc.
70 Great Hill Road
Naugatuck, CT 06770

Magnetek, Inc.
26 Century Boulevard, Suite 600
Nashville, TN 37214-4602

Metropolitan Life Insurance Company
1 Madison Avenue
New York, New York  10010

ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY
BY:    LAWRENCE R. COHAN, ESQUIRE
       THOMAS R. ANAPOL, ESQUIRE
       MIRIAM B. BARISH, ESQUIRE
       HEATHER J. LIPSON, ESQUIRE
       MARGARET A. BARRY, ESQUIRE
I.D. NOS.:    30546; 62121; 72622; 80914; 44056
1900 Delancey Place
Philadelphia, PA  19103
(215) 790-4567

---

| | | |
|---|---|---|
| ALEXANDER JOHNSON and ADEL JOHNSON, | : | COURT OF COMMON PLEAS |
| Husband and Wife | : | BUCKS COUNTY, PA |
| 128 E. 13th Street | : | |
| Chester, Pennsylvania 19013 | : | ASBESTOS CASE |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |

| | | |
|---|---|---|
| 485 | PNEUMO ABEX CORPORATION, as | : |
| | successor in interest to Abex Corporation; | : |
| 414 | A.C. & S., INC.; | : |
| | A.O. SMITH CORPORATION; | : |
| 29 | A.W. CHESTERTON, INC.; | : |
| 242 | ALLIED SIGNAL, INC.; | : |
| 41 | BRAND INSULATIONS, INC.; | : |
| | BURNHAM BOILER CORPORATION; | : |
| | CLEAVER BROOKS CO., a division of | : |
| | Aqua-Chem, Inc.; | : |
| 68 | COMBUSTION ENGINEERING CO., INC.; | : | NO. |
| 72 | CROWN, CORK & SEAL CO., INC.; | : |
| 76 | DANA CORPORATION; | : |
| | DREVER FURNACES; | : |
| 86 | DURABLA MANUFACTURING CO.; | : |
| 245 | FORD MOTOR COMPANY; | : |
| 105 | FOSTER WHEELER CORPORATION; | : |
| 108 | GARLOCK, INC.; | : |
| 110 | GENERAL MOTORS CORPORATION; | : |
| 111 | GENERAL REFRACTORIES; | : |
| 116 | GEORGIA PACIFIC CORPORATION; | : |
| | HONEYWELL INTERNATIONL, INC., | : |
| | successor-in-interest to Allied Signal, Inc.; | : |
| 127 | HOPEMAN BROTHERS, INC.; | : |
| 478 | IMO INDUSTRIES, INC., as successor in | : |
| | interest to and f/k/a DeLaval Turbine, | : |
| | Transamerica DeLaval and Imo DeLaval; | : |
| 171 | OWENS ILLINOIS, INC.; | : |
| | PALMETTO PRODUCTS, a division of | : |
| | Green Tweed & Co.; | : |
| 175 | PEERLESS INDUSTRIES, INC.; | : |
| 180 | PFIZER, INC.; | : |
| 424 | RAPID AMERICAN CORPORATION; | : |
| ... | .......................................... | |
| 220 | UNIROYAL, INC.; | : |
| 226 | MAGNETEK, INC.; | : |
| 481 | METROPOLITAN LIFE INSURANCE CO. | : |

## COMPLAINT

Pursuant to an Order dated February 3, 1989, signed by the Honorable Issac S. Garb,

President Judge, the following Short Form Complaint is utilized in this asbestos action.

Plaintiffs hereby incorporate the Amended Master Long Form Complaint as fully as if that

document was set forth at length herein including, but not limited to:

| | | |
|---|---|---|
| Count I | - | (Negligence and Outrageous Conduct) |
| Count II | - | (Strict Liability) |
| Count III | - | (Conspiracy) |
| Count IV | - | (Breach of Warranty) |
| Count V | - | (Damages) |
| Count VI | - | (Loss of Consortium) |

1.     The Plaintiffs in the instant matter are:

    a.     Alexander Johnson (Plaintiff-worker)
        128 E. 13th Street
        Chester, Pennsylvania 19013

        Social Security No.  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
        Date of Birth:  December 28, 1926

    b.     Adel Johnson (Wife-plaintiff)
        (Same address as Plaintiff-worker)

2.     The Defendants in the instant matter are those listed in the above caption.

3.     The Defendants in the instant matter are those listed in the above captioned.

In addition, Plaintiff has named Defendant, RAPID AMERICAN CORPORATION, which

was not named in Plaintiffs' Master General Long Form Complaint, No. 89-90000-11-2.

Defendant, RAPID AMERICAN CORPORATION, as successor in interest to

Philip Carey Corporation, is a corporation whose registered agent address for process of

serving is, Prentice Hall, 2711 Centerville Road, Wilmington, Delaware 19808, which is doing business in the Commonwealth of Pennsylvania. At all times material hereto, Defendant, RAPID AMERICAN, manufactured, produced and sold, either directly and indirectly, in the geographical area in which Plaintiff worked, and/or to employers of the Plaintiff and/or to contractors on job sites on which Plaintiff worked, asbestos products, including but not limited to asbestos block, pipe covering and insulation materials.

4.    The Defendants in the instant matter are those listed in the above captioned. In addition, Plaintiff has named Defendant, METROPOLITAN LIFE INSURANCE COMPANY, which was not named in Plaintiffs' Master General Long Form Complaint, No. 89-90000-11-2.

Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is an insurance company organized and existing under the laws of the State of New York, has its principal place of business in the State of New York and at all times material hereto was doing business in the Commonwealth of Pennsylvania. It is sued for its conduct and omissions as a consultant to certain defendants.

5.    Plaintiff-worker's asbestos exposure history, including to the extent possible at this time, the asbestos manufacturers and products to which Plaintiff-worker was exposed; and the inclusive dates of exposure and job site(s) is attached hereto as Exhibit I.

6.    Plaintiff-worker first learned of his asbestos-related disease, asbestosis on or about July 3, 2000 from Dr. Roy Levinson. Plaintiff-worker first became aware of his asbestos-related disease only after the diagnosis date.

7.    Plaintiff-worker's history of tobacco use is as follows:

Plaintiff does not smoke cigarettes or use tobacco products.

8.    A claim for lost wages is not asserted at this time, but may become viable in the future.

9.    The following persons are dependent upon Plaintiff-worker for support:

a.    Adel Johnson

10.    Plaintiffs hereby certify through their undersigned counsel that they have brought no other claim in a court of law for their asbestos caused injuries.

WHEREFORE, Plaintiffs, Alexander Johnson and Adel Johnson, pray for judgment against the defendants and each of them individually, jointly and/or severally on each of the above Counts, for compensatory damages in an amount in excess of FIFTY-THOUSAND DOLLARS ($50,000.00) and (except on Count IV), punitive damages in a sum in excess of FIFTY-THOUSAND DOLLARS ($50,000.00) plus costs of suit and such other and further relief as is just and proper.

ANAPOL, SCHWARTZ, WEISS, COHAN
FELDMAN & SMALLEY

BY _____
LAWRENCE R. COHAN, ESQUIRE
THOMAS R. ANAPOL, ESQUIRE
MIRIAM B. BARISH, ESQUIRE
HEATHER J. LIPSON, ESQUIRE
MARGARET A. BARRY, ESQUIRE

ALEXANDER JOHNSON
EXHIBIT I
(PLAINTIFF-WORKER'S WORK HISTORY)

| Commencement Date | Cessation Date | Employer/ Location | Social Security Number | Job Description | Asbestos Manufacturers/ Products |
|---|---|---|---|---|---|
| 1943 | 1944 | Sun Ship Co. Chester, PA | 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 | Boilermaker's Helper | See detailed description in Plaintiffs Master Long Form Complaint |
| 1944 | 1945 | General Steel Eddystone, PA | "        " | Laborer | "        " |
| 1947 | 1947 | Phila. Gas Works | "        " | Laborer/ Construction Worker/ Helped pipe fitters | "        " |
| 1956 | 1986 | Allied Chemical Claymont, DE | "        " | Laborer/ Shipper/ Truck Driver/ Equipment Operator/ Helped pipe fitters | "        " |

## AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF

      ALEXANDER JOHNSON, being duly sworn according to law, deposes and

says that the facts set forth in the foregoing COMPLAINT are true and correct to the best of

his knowledge, information and belief.

BY:    X _Alexander Johnson_

ALEXANDER JOHNSON

SWORN TO AND SUBSCRIBED

BEFORE ME THIS __8__ DAY

OF __March__ , 2002

_Robert Yandziak_

My Commission Expires: _____

```
NOTARIAL SEAL
ROBERT E. YANDZIAK, NOTARY PUBLIC
UPLAND BOROUGH, COUNTY OF DELAWARE
MY COMMISSION EXPIRES MAY 12, 2005
```